# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                                                     Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                    Fax: 718-740-2000
*Employment and Labor Lawyer*                                      Web: www.abdulhassan.com

**December 19, 2020**

**Via ECF**

Hon. Ramon E. Reyes, USMJ
United States District Court, EDNY
225 Cadman Plaza East,
Brooklyn, New York 11201
Tel: 718-613-2120
Fax: 718-613-2125

<u>Re: Malloy v. Management 26 Inc. et al</u>
Case No.  20-CV-01633 (DG)(RER)
Motion for Settlement Approval

Dear Magistrate-Judge Reyes:

My firm represents plaintiff Terrence Malloy ("Plaintiff" or "Malloy") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's orders. Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendants sign.

The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid wages and liquidated damages under the FLSA and NYLL, as well claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also seeks to recover legal fees and costs under the applicable fee-shifting provisions.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information during the mediation conducted by an experienced FLSA mediator from this Court's mediation panel – Mr. Raymond Nardo.

1

Assuming, for settlement purposes, that Defendants overcome any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be about $11.03/hr. and he would be owed about $5.52 per overtime hour – or $259.44/wk. Plaintiff was employed by Defendants from in or around 2002 to on or about April 23, 2017. The complaint in this action was filed on March 31, 2020. (See ECF No. 1). We therefore have unpaid overtime wages of approximately $39,953.76 under the NYLL six-year statute of limitations period – $0 under the FLSA two-year statute of limitations period for non-willful violations or $1,037.76 under the FLSA three-year statute of limitations period.

Defendants may also be able to avoid the imposition of liquidated damages – including liquidated damages on the manual worker claims, if it proves the good-faith affirmative defense. Plaintiff also brings claims for wage notice and wage statement violations but the jurisprudence in this area is unsettled. Moreover, recovery for wage notice and wage statement violations is covered by NYLL and not protected by the FLSA. Defendants deny liability and maintain that Plaintiff was properly compensated for all hours worked.

The total settlement amount is $35,000. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $22,604 (See Ex. 1 ¶ 4(a, b, d)) after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 2(c)).  See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 18-2504-CV --- F.3d ----  2020 WL 550470 (2d Cir. Feb. 4, 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel is due to receive reimbursement of One Thousand and Ninety-Five Dollars ($1,095) in filing ($400), service costs for four defendants ($370), and mediation ($325), costs plus a 1/3 contingency fee of Eleven Thousand, Three Hundred and One Dollars ($11,301) (Ex. 1 ¶ 2(c))[1].

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the FLSA wages claimed and represents a fair compromise in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

cc:     **Defense Counsel via ECF**

3